UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY DONNELL JACKSON,

    Petitioner,

v.

CASE NO. 2:18-cv-11265
HONORABLE NANCY G. EDMUNDS

TONY TRIERWEILER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR A STAY
(ECF NO. 6) AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

This matter has come before the Court on petitioner Garry Donnell Jackson's petition for the writ of habeas corpus and his motion for a stay of this case while he pursues state remedies. For the reasons given below, the Court will grant the motion for a stay and close this case for administrative purposes.

## I. Background

Following a jury trial in Oakland County, Michigan, Petitioner was convicted of three counts of second-degree criminal sexual conduct. The trial court sentenced Petitioner to current terms of 86 months to fifteen years in prison. In an appeal of right, Petitioner argued that (1) he was denied a fair trial by "other acts" evidence that had no proper purpose and (2) the complainant's testimony at the preliminary examination was erroneously admitted at trial in violation of the Michigan Rules of Evidence and his constitutional right to confront witnesses. The Michigan Court of Appeals disagreed with Petitioner's arguments and affirmed his convictions in an unpublished, *per curiam* opinion. *See People v. Jackson*, No. 326341 (Mich. Ct. App. Aug. 16, 2016). On January 31,

2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. See *People v. Jackson*, 889 N.W.2d 266 (Mich. 2017).

On April 22, 2018, Petitioner filed his habeas corpus petition through counsel. His grounds for relief allege that: (1) the admission of evidence regarding uncharged misconduct deprived him of a fair trial because the evidence lacked any probative value and was unfairly prejudicial; and (2) presentation of the complaining witness's testimony through a transcript of a previous hearing violated his Sixth Amendment right to confront his accuser. The State filed an answer to the petition in which it argues that Petitioner's claims lack merit and are not cognizable on habeas review.

Petitioner subsequently moved to stay this case. He purports to have newly discovered grounds for relief that were not raised on direct appeal. The newly discovered claims allege ineffective assistance of trial counsel and appellate counsel. Petitioner alleges that he recently raised his new claims in a post-conviction motion, which is pending in the state trial court. He wants the Court to hold his habeas petition in abeyance while he exhausts state remedies for his new claims.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present their claims to a federal court in a habeas corpus petition. See 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan,* 526 U.S. at 845, 847. Thus,

to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Petitioner presented his current claims to the state court on appeal from his convictions, and a dismissal of his habeas petition while he pursues additional state-court remedies could result in a subsequent petition being barred by the one-year statute of limitations, 28 U.S.C. § 2244(d). The Supreme Court, however, has approved a "stay-and-abeyance" procedure that allows district courts to stay a federal proceeding and to hold a habeas petition in abeyance while the petitioner pursues state remedies for his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the prisoner exhausts his state remedies, the federal court can lift its stay and allow the petitioner to proceed in federal court. *Id.* at 275-76.

The *Rhines* stay-and-abeyance procedure is available when the petitioner has good cause for the failure to exhaust his state remedies first in state court, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.*

Unlike Petitioner's habeas petition, which contains only exhausted claims, *Rhines* involved a "mixed petition" of exhausted and unexhausted claims. Nevertheless, federal courts "ordinarily have authority to issue stays," *id.* at 276, and some courts have applied *Rhines'* stay-and-abeyance procedure where the petition was not a "mixed" petition of exhausted and unexhausted claims. *See, e.g., Mena v. Long*, 813 F.3d 907, 908 (9th Cir.

3

2016) ("holding that the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions" and that "a district court may stay a petition that raises only unexhausted claims") (emphasis omitted); *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (concluding that the district court had discretion to consider a *Rhines* stay even though the petitioner filed an "unmixed" petition); *Heleva v. Brooks*, 581 F.3d 187, 188, 191-92 (3d Cir. 2009) (concluding from the Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), that the Supreme Court seems to have "open[ed] the door to utilizing the stay-and-abeyance procedure in at least some limited circumstances beyond the presentation of a mixed petition" and that the district court erred in concluding that *Rhines* applies only to "mixed" petitions). The approach taken in these cases is reasonable and practical.

Furthermore, Petitioner arguably satisfies *Rhines'* criteria for staying a case. First, he alleges that his appellate attorney is cause for his failure to exhaust his new claims before filing his habeas petition. Second, although he has not provided the Court with any details about his unexhausted claims, he contends that the claims have merit and that they are grounded in fact and persuasive legal authority. Finally, he alleges that he is not engaged in intentional delaying tactics and that an assistant attorney general for the State of Michigan has no objection to his request for a stay. Given these circumstances, the Court believes that it would not be an abuse of discretion to stay this case while Petitioner pursues additional state-court remedies. Accordingly, the Court grants Petitioner's motion for a stay (ECF No. 6) and closes this case for administrative purposes.

If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file a motion to re-open this case and an amended habeas corpus petition. The amended petition and motion to re-open this case must be filed within thirty days of exhausting state remedies. The Court expresses no opinion on whether any of Petitioner's new claims will be barred from substantive review if, and when, he returns to this Court. Finally, any failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2019