UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRY DONNELL JACKSON,

       Petitioner,                   Civil No. 2:18-CV-11265
                                      HONORABLE NANCY G. EDMUNDS

v.

TONY TRIERWEILER,

       Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS
CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

       Gary Donnell Jackson, ("Petitioner"), on parole supervision with the Michigan
Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  In his application, filed by attorney Paul J. Stablein, petitioner challenges
his convictions for three counts of second-degree criminal sexual conduct, M.C.L.A.
750.520c(1)(k). For the reasons that follow, the petition for a writ of habeas corpus is
DENIED.

## I.  Background

       Petitioner was convicted following a jury trial in the Oakland County Circuit Court.

       This Court recites verbatim the relevant facts relied upon by the Michigan Court of
Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. §
2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from his unlawful sexual contact with a female
> inmate at the Oakland County jail on August 29, 2013, when he was an
> Oakland County sheriff's deputy.
>
> In July 2013, the victim became a trustee at the jail, which meant that she
> helped the deputies assigned to her pod or unit. The victim's trustee position

1

enabled her to have more contact with defendant, who occasionally worked in her pod. Other inmates characterized the relationship between defendant and the victim as overly friendly or flirtatious, and claimed that the victim received favorable treatment from defendant. The victim testified that in early August 2013, defendant asked her to take a bucket to the laundry room. While she was in the laundry room, defendant walked into the room and shut the door. He told her "that he wanted [her] so bad and he liked [her] so much and put his arm around" her and began kissing her. The victim testified that she was nervous, but was "okay" with defendant kissing her at that time and she kissed him back. However, she felt uncomfortable and pushed defendant away because she was nervous about getting in trouble. Defendant told her not to worry because he was "a cop." Defendant left the room and told the victim to wait a minute before returning to her cell.

On August 29, 2013, defendant was locking down the inmates, but unlocked the victim's cell and asked her to take some property bags up to the property closet. While the victim was inside the closet hanging up the bags, defendant walked into the closet and shut the door. According to the victim, defendant put his hands around her waist, told her that he liked her and not to be nervous, and reassured her that she was not going to get into any trouble. Defendant then kissed her neck and her lips, put both of his hands down the inside of her pants, and placed his finger inside her vagina. The victim told defendant that she was nervous and not comfortable with this, but defendant reassured her that she would not get into any trouble. Defendant then opened his pants and asked the victim to "suck his penis." He put his hands on the back of her head and forced her head down. Defendant placed his penis inside her mouth. After a minute or two, the victim stopped and said she could not do it any longer because she thought she heard someone and feared they were going to get into trouble. Defendant told her not to say anything to anyone. Defendant left the closet first and instructed the victim to come out after a couple of minutes.

Four days later, another inmate reported the matter to another deputy after she noticed that the victim was quiet and not acting like herself. When someone with the sheriff's office came to speak to the victim, she broke down and told him what happened. Other inmates reported seeing both the victim and defendant enter the property closet at separate times and remain inside, with the door closed, for up to 15 minutes. Many testified that when the victim left the closet, her hair was different and her clothing looked disheveled.

Before trial, the trial court granted the prosecutor's motion to introduce other-acts evidence pursuant to MRE 404(b)(1). SH testified that when she was an inmate at the jail, defendant did things that were inappropriate. For example, defendant would look down into the first-floor showers and watch

the female inmates shower, whereas most other deputies usually looked straight ahead.

KC testified that when she was an inmate at the jail before the victim arrived there, defendant looked at her differently than did other deputies. One night, defendant declined to take any "kites" from other inmates, but agreed to take one from KC and told her, "I would do anything for you you're sexiest f* *k." According to KC, defendant looked at her as if he was "undressing" her "with his eyes."

LR was in the Oakland County Jail from May 2012 to July 2012. During that time, defendant talked to her, complimented her, and gave her special privileges; defendant was very flirtatious toward her and she flirted back. Defendant made comments about her body, like telling her she was "sexy," and would wink at her. LR was aware that defendant would look at her when she showered. After LR was released from jail, she and defendant exchanged telephone numbers, and defendant went to her house a few times. Although their physical contact was limited to only kissing, they sent sexually explicit photos of themselves to each other.

The victim died in August 2014, approximately one month before defendant's scheduled trial. The trial court granted the prosecutor's motion to admit the victim's preliminary examination testimony at trial. The defense theory at trial was that the victim, a drug addict, fabricated the allegations, possibly for financial motives. Defendant's first trial in September 2014 ended in a mistrial after the jury was unable to reach a verdict. Defendant was tried a second time in January 2015 and the jury convicted him as charged.

*People v. Jackson*, No. 326341, 2016 WL 4375655, at *1–2 (Mich. Ct. App. Aug. 16, 2016).

Petitioner's conviction was affirmed. *Id., lv. den.* 500 Mich. 935, 889 N.W.2d 266 (2017).

Petitioner filed a petition for a writ of habeas corpus, which was held in abeyance so that petitioner could exhaust an additional claim with the state courts. *Jackson v. Trierweiler*, No. 2:18-CV-11265, 2019 WL 125993 (E.D. Mich. Jan. 8, 2019).

Petitioner also filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Jackson,* No. 13-248193-FC (Oakland County Circuit

Court, Aug. 29, 2019).  The Michigan appellate courts denied petitioner leave to appeal. *People v. Jackson,* No. 350702 (Mich. Ct. App. Dec. 30, 2019); lv. den. 505 Mich. 1044, 941 N.W.2d 659 (2020).

The Court reopened the case to the Court's docket and permitted petitioner to amend his petition.  In his amended petition, petitioner seeks habeas relief on the following grounds: (1) petitioner was denied a fair trial by the admission of "other acts" evidence that had no proper purpose under M.R.E. 404(b) and was more prejudicial than probative, (2) the complainant's testimony at the preliminary examination was erroneously admitted at trial in violation of the Michigan Rules of Evidence and petitioner's constitutional right to confront witnesses, and (3) trial and appellate counsel were ineffective for failing to challenge the admission of the sexually explicit photographs either at trial or on petitioner's appeal of right and the judge erred in invoking M.C.R. 6.508(D)(2) to deny petitioner's claims on state post-conviction review.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. Discussion

#### A. Claim # 1. The other acts evidence claim.

Petitioner first claims he was denied a fair trial by the admission of other acts evidence which was not admitted for a proper purpose, but was instead admitted to show that he had a propensity to commit sexual assaults or to simply show that he was a bad man. Petitioner also claims that the evidence was irrelevant and more prejudicial than probative.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court

conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000); *see also Stephenson v. Renico,* 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that he was denied a fair trial by the admission of irrelevant and highly prejudicial evidence cannot form the basis for habeas relief, because it involves a state law evidentiary issue. *See Hall v. Vasbinder*, 551 F. Supp. 2d 652, 676 (E.D. Mich. 2008); *rev'd on other grds* 563 F.3d 222 (6th Cir. 2009); *see also Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978).

Petitioner's claim that this evidence should have been excluded under M.R.E. 403 for being more prejudicial than probative does not entitle petitioner to habeas relief. The Sixth Circuit observed that "[t]he Supreme Court has never held (except perhaps within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012)(emphasis original). The Michigan Court of Appeals concluded that all of this evidence was relevant under Michigan law for various reasons. *People v. Jackson*, 2016 WL 4375655, at *3-4. This Court must defer to that determination.

Moreover, petitioner's claim that the state court violated M.R.E. 404(b) by admitting this other-acts evidence is non-cognizable on habeas review. *Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007); *Estelle,* 502 U.S. at 72 (Supreme Court's habeas powers did not permit Court to reverse state court conviction based on their belief that the state trial judge

6

erred in ruling that prior injury evidence was admissible as bad acts evidence under California law); *Dowling v. U.S.*, 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of "similar acts" evidence that he had subsequently been involved in a house burglary for which he had been acquitted did not violate due process). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief; there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003).  Petitioner is not entitled to relief on his first claim.

   **B.  Claim # 2.  The right to confrontation claim.**

   Petitioner next claims that his right to confrontation was violated when the judge permitted the victim's testimony from the preliminary examination to be read to the jury after declaring the victim to be unavailable due to the fact that she had died from a drug overdose prior to trial.

   An exception to the confrontation requirement exists where a witness is unavailable and gave testimony at previous judicial proceedings against the same defendant which was subject to cross-examination. However, this exception does not apply "unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial." *Barber v. Page*, 390 U.S. 719, 724-25 (1968).  When prosecutors seek to admit a non-testifying witness' preliminary hearing testimony, the Confrontation Clause requires two things: first, the prosecution must establish that the declarant is "unavailable" by showing that prosecutorial authorities have made a good-faith effort to obtain the declarant's presence at trial, and, second, to satisfy the "indicia of reliability" requirement,

the prosecution must demonstrate that the defendant had an adequate opportunity to cross-examine the declarant at the preliminary examination. *See Pillette v. Berghuis,* 630 F. Supp. 2d 791, 804 (E.D. Mich. 2009); *rev'd on other grds,* 408 F. App'x 873 (6th Cir. 2010); *cert. den*. 132 S. Ct. 125 (2011)(citing *McCandless v. Vaughn*, 172 F.3d 255, 265 (3rd Cir. 1999)).  The lengths to which the prosecution must go to produce a witness, such that the admission of the witness' prior, confronted testimony at a subsequent trial does not violate the Confrontation Clause, is a question of reasonableness. *Hardy v. Cross,* 565 U.S. 65, 70 (2011)(quoting *Ohio v. Roberts*, 448 U.S. 56, 74 (1980)).  The Supreme Court noted that "when a witness disappears before trial, it is always possible to think of additional steps that the prosecution might have taken to secure the witness' presence, but the Sixth Amendment does not require the prosecution to exhaust every avenue of inquiry, no matter how unpromising." *Id.*, at 71-72.  Significantly, "the deferential standard of review set out in 28 U.S.C. § 2254(d) does not permit a federal court to overturn a state court's decision on the question of unavailability merely because the federal court identifies additional steps that might have been taken." *Id*. at 72.

In the present case, petitioner does not dispute that the victim was unavailable for trial, in light of the victim's death prior to trial.  The victim's "intervening death undeniably thwarted all 'good-faith efforts of the State to produce [her]'" for trial. *See Havey v. Kropp,* 458 F.2d 1054, 1057 (6th Cir. 1972).

Petitioner also had an adequate opportunity to cross-examine the victim at the preliminary examination, in spite of his argument to the contrary.  Petitioner is not entitled to habeas relief in the absence of any Supreme Court precedent to support his argument that his opportunity to cross-examine the victim at the preliminary examination was

inadequate to satisfy the requirements of the Confrontation Clause. *See Williams v. Bauman,* 759 F.3d 630, 635-36 (6th Cir. 2014).  Although "there is some question whether a preliminary hearing necessarily offers an adequate prior opportunity for cross-examination for Confrontation Clause purposes[,]" *See Al–Timimi v. Jackson*, 379 F. App'x 435, 437 (6th Cir. 2010), *see also Vasquez v. Jones*, 496 F.3d 564, 577 (6th Cir. 2007), the Sixth Circuit in *Al-Timini* noted that the Supreme Court in *Barber* indicated that "there may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demand of the confrontation clause where the witness is shown to be actually unavailable." *Al-Timini*, 379 F. App'x at 438 (quoting *Barber*, 390 U.S. at 725-26).  The Sixth Circuit in *Al-Timini* also noted that the Supreme Court appeared "to have retreated from the doubts it expressed in *Barber* by finding that the opportunity for cross-examination afforded at a preliminary examination may satisfy the Confrontation Clause in at least some circumstances." *Id.*  The Sixth Circuit in *Al-Timini* observed that the Supreme Court in the cases of *California v. Green,* 399 U.S. 149 (1970) and *Ohio v. Roberts,* 448 U.S. 56 (1980) had found no Confrontation Clause violation by the admission of an unavailable witness' preliminary examination testimony because the defendants in both cases had the opportunity to cross-examine the witness at the preliminary examination. *Al-Timini*, 379 F. App'x. at 438-39.  At the preliminary hearing in this case, petitioner was represented by counsel, who was given a full opportunity to cross-examine the victim, without any restriction by the examining magistrate, and who took advantage of this opportunity to the extent that counsel saw fit. Accordingly, the trial judge's decision to admit the victim's testimony from the preliminary examination when she was unavailable to testify due to her death was not contrary to, or

an unreasonable application of clearly established federal law. *Williams,* 759 F.3d at 635-36; *Al-Timini,* 379 F. App'x at 439. Petitioner is not entitled to relief on his second claim.

### C. Claim # 3. The ineffective assistance of counsel claims.

Petitioner finally argues that he was denied the effective assistance of trial counsel when trial counsel failed to object to the admission of the sexually explicit photographs and that appellate counsel was ineffective for failing to raise either the issue of the admissibility of the sexually explicit photographs or trial counsel's failure to challenge their admissibility on petitioner's appeal of right. Petitioner also appears to argue that the trial judge erred in invoking M.C.R. 6.508(D)(2) to deny petitioner relief on these claims, which he raised in his post-conviction motion, after concluding that petitioner already raised these claims on his appeal of right.

M.C.R. 6.508(D)(2) mandates that a court in Michigan should not grant post-conviction relief if the post-conviction motion "alleges grounds for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision[.]" 6.508(D)(2) is a rule of *res judicata* which bars a defendant from re-litigating claims in a post-conviction motion which have already been adversely decided against him. Thus, the state courts' reliance on M.C.R. 6.508(D) based on *res judicata* does not bar habeas review of petitioner's claim on the merits. *See Hicks v. Straub,* 377 F.3d 538, 558, n. 17 (6th Cir. 2004). As respondent correctly acknowledges, petitioner's ineffective assistance of counsel claims are not procedurally defaulted. However, to the extent that petitioner seeks habeas relief on his claim that the trial court improperly invoked M.C.R. 6.508(D(2) to deny his post-conviction motion, he would not be entitled

to habeas relief, because it involves an alleged deficiency with his state post-conviction proceedings.  This Court notes that "[t]he Sixth Circuit consistently [has] held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007).  A federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001), the reason being that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)).

A defendant must satisfy a two prong test to establish the denial of the effective assistance of counsel. First, the defendant must show that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, the defendant must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

Petitioner argues that trial counsel was ineffective for failing to object to the admission of the sexually explicit photographs. The judge on post-conviction review rejected the claim, because she had already ruled prior to trial that the photographs were admissible, thus, it would have been futile for trial counsel to object to their admission at trial. *People v. Jackson,* No. 13-248193-FC, *6 (Oakland County Circuit Court, Aug. 29, 2019)(ECF No. 13-5, PageID.3125). Prior to trial, defense counsel filed a motion, in response to the prosecutor's request to admit the other-acts evidence, in which counsel objected to the admission of the other-acts testimony, including the sexually explicit photographs, arguing that the evidence was being admitted for an improper purpose under M.R.E. 404(b) and that the evidence was unfairly prejudicial. (ECF No. 10-3, PageID.2811-20).  At the hearing on the prosecutor's motion in limine that was conducted on December 3, 2014, defense counsel objected to the admission of the other-acts evidence as being offered for the improper purpose of showing petitioner's propensity to commit the crime and that the evidence was extremely prejudicial. (*Id.*, PageID.2829-30). The judge ruled that the other-acts evidence was relevant and admissible, although she agreed to give the jurors a limiting instruction. (*Id.*, PageID.2833-36).

Trial counsel objected prior to trial to the admission of the other-acts evidence, both in a motion and at the pre-trial hearing.  Although counsel did not specifically mention the photographs, he objected to the admission of evidence of petitioner's other bad acts. The judge ruled that this evidence was admissible. It would have been futile for counsel to object again to the admission of this evidence.  Trial counsel was not ineffective for failing to raise a futile objection. *See U.S. v. Johnson*, 9 F. App'x 373, 374 (6th Cir. 2001).

Moreover, the judge determined that the other-acts evidence, including the photographs, was admissible under Michigan law and the Michigan Court of Appeals upheld that ruling. Federal habeas courts "'must defer to a state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005)(quoting *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). The trial judge and the Michigan Court of Appeals determined that the other-acts evidence was admissible under Michigan law; this Court must defer to that determination in resolving petitioner's ineffective assistance of trial counsel claim. *See Brooks v. Anderson*, 292 F. App'x 431, 437-38 (6th Cir. 2008). Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," this Court is constrained to reject petitioner's ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

The Court rejects the ineffective assistance of appellate counsel claim.

Appellate counsel from the State Appellate Defender Office raised a claim on petitioner's appeal of right, in which he argued that the judge violated petitioner's right to a fair trial by admitting this other-acts evidence, which included the photographs. (ECF No. 5-33, PageID.2147-58). Because appellate counsel did argue on appeal that the admission of the other-acts evidence was prejudicial, which included the photographs, petitioner has failed to establish that appellate counsel was ineffective. *See Doyle v. Jones,* 452 F. App'x 836, 840 (10th Cir. 2011); *see also Riley v. Jones,* 476 F. Supp. 2d 696, 709-10 (E.D. Mich. 2007)(appellate counsel was not ineffective for not raising

13

identification issue on direct appeal, since omitted issue was closely related to issue that appellate counsel did raise on appeal and that issue had been rejected as harmless error).

Because trial counsel was not ineffective, appellate counsel was not ineffective in failing to raise this claim on petitioner's appeal of right. *See e.g. Fautenberry v. Mitchell*, 515 F.3d 614, 642 (6th Cir. 2008). "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d at 676). Petitioner is not entitled to relief on his third claim.

## IV. Conclusion

The petition is denied with prejudice. The Court denies a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated, the Court denies petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

14

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
Dated:   April 7, 2023                   UNITED STATES DISTRICT COURT JUDGE